2-2-3-6-8-5 United States of America v. Martin Escobar Arguments not to exceed 15 minutes aside, Mr. Oleski for appellant. Good morning. Good morning, Your Honors. May it please the Court. Nick Oleski on behalf of Martin Escobar. A defendant's guilty plea must be knowing and voluntary. To ensure that the defendant's guilty plea is knowing and voluntary, a district court must ensure that the defendant understands the nature of the charges against him, the offenses against him, and ensures that the defendant understands the critical elements of those offenses. A critical element of the offenses to which Mr. Escobar pleaded guilty is whether he knew his prescriptions were unauthorized. That's a critical element of the offense. The Supreme Court explained in Rwan that that element, the lack of authorization element, is often what separates wrongfulness from innocence. Because the judge did not explain that to Mr. Escobar, his guilty plea is unknowing, involuntary, and we're asking the Court to reverse and repeat. Is the statement that it is one of the elements of the crime or is the statement that it is like an element but not quite an element? What is the world that it exists in? Well, I think that was a struggle that the Supreme Court had to deal with in terms of whether it's an element of the offense or not. I don't think the Court needs to address that issue because in this case it was undisputed by the government that Dr. Escobar was a registered prescriber, meaning that the government bore the burden at trial of proving that he knew that he lacked authorization. That's in the criminal complaint, the indictment, the superseding indictment, and the plea agreement. So because the government is bound by those allegations, I don't think we need to reach the question that the Supreme Court was grappling with in Rwan, which is who bears the burden of production in that case? Can I try to separate out what I see two different arguments? One is a Rule 11 argument, and that's what you started with, and then the second one is the district court should have exercised discretion to undo the plea, right? So those are two different things, and you're starting with the first one. And I guess I'm pausing on the first one to start with the knowing involuntariness inquiry at the district court level is based on the law at the time. You don't say there's a Rule 11 violation because the district court judge was not omniscient and didn't see how law would change down the road. We all understand it can be fluid. So why isn't that a pretty big problem with your first argument? It doesn't get in the way of the second one, but what do I do with that? I don't think it's as big of a problem as you do, Your Honor. Let me see if I can untangle that for you. So you're saying Rwan has nothing to do with it? No. My argument is... Rwan does have something to do with it or it doesn't? It does. It comes later. It does come later. I'd point, Your Honor, to United States v. Hogg, which we cited in our reply brief. That's a case from this circuit from 2013 that dealt with the statutory maximum penalty. At the time that the defendant pleaded guilty in that case, there's a dispute about the Fair Sentencing Act of 2010 and whether that applied to defendants that pleaded guilty before that act was in place. At the time, under this court's precedent, the Fair Sentencing Act did not apply to a defendant like Hogg. So in that case, the district judge mis-explained, did not properly explain, the maximum penalty that the defendant was exposed to. The defendant, before sentencing, moved to withdraw his plea and said, there's going to be a change in the law, and the district judge denied the motion. Subsequently, the Supreme Court decided, Dorsey v. United States, that held that the Fair Sentencing Act did apply retroactively. On appeal, in this court, this court explained that even though district courts don't have crystal balls, their compliance with Rule 11 is judged at the time of the appeal, not at the time of the plea colloquy. So the court found that the guilty plea was in error. United States v. Hogg. H-O-G-G. And that's, I think, my best case to respond to your first point, that it doesn't matter that Rwan comes after the guilty plea. What matters is that we raised this Rule 11 argument before sentencing. And so because we raised that argument before sentencing, I think we're in the harmless error realm, not the plain error realm. But why does it make a difference when it's not an element? It's a defense. Well, I don't think it is a defense. In other words, assume you're right, that the district court judge is stuck with later developments in terms of how they conducted the Rule 11 proceeding. But I thought it did go to a defense. I don't think it does go to a defense. I think... You think it changes the elements? Yes. Does Rwan tell us that? Does Rwan suggest that it's not an element? I think what Rwan says is that when the defendant presents evidence at trial that he's a registered prescriber, then the burden falls on the government to prove that he knew that he was acting without authorization. And in this case, because the government, in the indictment, alleged that Dr. Escobar was a registered prescriber, because the government acknowledged in the plea agreement that he was a registered prescriber, the government bears the burden to prove, or if the case had gone to trial, the government would have borne the burden to prove that Dr. Escobar knew that he lacked authorization. And so I think it is an element, or sufficiently like an element. That's what the Supreme Court says. Well, look at that. What about, I guess, the third thing? And this actually goes to both points, if you ask me. As I understand it, you're not allowed to undo a plea, even if it's later developments, it's a law point, if even once the law is properly understood, your fact admissions still create problems. So I guess that's in the harmlessness realm, you might say. So there are, at least as I'm reading it, pretty devastating fact admissions when it comes to knowingness that do not look like the doctor that just made a mistake. I don't know how we could look at those admissions and say this was, say, negligence or even recklessness. It looks quite intentional. Well, I think if we go back to the Rule 11 context, the judge has to ensure that there's a factual basis for the plea. Okay. I'm saying how do you get out from under these fact admissions? One possibility is to say we don't look at them. I don't think you're saying that, but maybe you could say that. Another possibility is to say, no, they don't show intentionality. And I don't understand that. I'm going to suggest the first point, Your Honor, and I'll give you a case. I'd point the court to United States v. Sill, S-Y-A-L, 963-F2-900. It's a, I believe it's a 1992 decision from this court, where the court explained that there's a distinction between the factual admissions, the statement of facts that underlie the plea, and the defendant's knowledge of the law as it relates to those facts. In Sill, which was a wire fraud case, the defendant pleaded guilty after two or three days of trial. The judge did not, didn't explain the elements of the offense, properly explain the elements of the offense during the plea colloquy. The prosecutor, however, examined... Will you help me? Did not correctly state the law as it existed at that time, or did not correctly state the law because it changed later and we should use the later change? The first. The law as it existed. There was an error there that the law that was discussed there was incorrectly stated to the defendant. That's correct. Do we have that here? At the time of the plea colloquy here, the judge's plea colloquy complied with the law as it existed. And it existed at that time, right? So are we in Sill land, or are we in another category? Well, I think Sill addresses the point that Judge Sutton was making, and that ultimately, even though there were factual admissions in the record in that case, because the judge didn't explain the law to the defendant, this court vacated the guilty plea. So I'm hearing you, so I don't want you to think I'm not, but I'm also trying to keep track of the two ways of thinking about it. It does make sense to me. I can understand why what you're saying is true, and I'll go look at that case. But just to understand, the fact admissions, I take it, would still be pretty devastating when it comes to review of whether the district court should have let the defendant undo the plea, right? So I take it from your perspective, that's why you're pushing the Rule 11 harder. Because, first of all, the second one is abuse of discretion, but secondly, if the district court thinks, hey, I'm not comfortable with you just now changing your mind about what you said factually happened, that seems like an awkward thing to do. So you're saying that's why you've got to put all the emphasis on the law point. And I'm getting it straight. And then the only, what makes this case a little harder is that it wasn't just a blatant misstatement of the law, where it's, even though you might say it's harmless, because of all of his fact admissions, I could understand a court saying, well, we're going to send it back and let him rethink this, because the misstatement of law was sufficiently big to make us troubled by it. Am I properly pitching this? I would agree. That's why I've been emphasizing the Rule 11 point in my argument here today. I think that's the strongest argument that I have. We'll push back a little bit on the harmless error inquiry. No, I take Sill to be one where we don't do that. The law statement, misstatement is problematic enough. It doesn't matter what he said. I think that's right. I don't think we get to the factual admissions unless the judge properly explains the law. Why didn't anyone, Ruan was pending. Was this just a mistake? No one district court judge, lawyers, or everyone was like, oh, let's do the gamble now. We don't know what's going to happen later. Because you could do that. Well, I don't know. I wasn't counsel at the time that Dr. Escobar pleaded guilty. I entered my appearance after Ruan was decided. So I don't know what was going through the minds of the prosecutor, the government. The record doesn't reflect any knowledge of Ruan being pending? I think what the record reflects is we submitted a declaration from Dr. Escobar that we attached to our motion to withdraw his plea, in which he indicated that he was not aware that Ruan was pending at the time that he pleaded guilty. Okay, so that's after it comes out. That's correct. There's nothing pre-Ruan. Well, that suggests that people didn't know about it, assuming he was telling the truth. Ruan was a month before this, right? Came out a month before the entry of the plea. I don't think so. Ruan comes out afterwards, but is pending. CERT had been granted. Correct. Then it came out a month before the colloquy. No. Let me set the timeline here. Dr. Escobar pleaded guilty in January of 2022. Ruan came out in June. And Ruan came out in June. I believe the Supreme Court granted CERT November or December of 2021. So a few months before Dr. Escobar had pleaded guilty, the Supreme Court at least granted CERT in Ruan. You'll get your full rebuttal, and you've been doing a great job answering our questions, so we may keep you up here for a long time. But let's hear from the government first so we're framing it and we know what we're really talking about. So thank you. Thank you, Your Honor. May it please the court. AUSA Elliott Morrison on behalf of the United States. I want to go right to what your honors have been asking about in a few different ways. First, I think Judge Strange, you hit it right on the head when you asked, what is the world that Ruan exists in? And you couldn't get a straight answer. And that's because there is one thing on which both all of the justices of the Supreme Court agreed in Ruan. And that is that the burden that it required is not an element. It is sufficiently like an element in the views of the majority that it should be required at trial to be proved beyond a reasonable doubt. But it is clearly in the context and expressly in the context of an authorized prescriber defendant. And so I would just pose the hypothetical of if a defendant in a felon in possession case posed a necessity defense, and even if the circumstances that give rise to that necessity defense were alleged in the indictment and described in the plea agreement, it would never be required that all of the contours of a potential defense and how the jury instructions might have to later be imposed or used at a trial that is being foregone by that guilty plea. It would never be required at the plea hearing that all of those details be rehearsed and discussed. And so right out of the gate, what we have here is not an element of the offense, and certainly not a critical or essential element to the offense, and certainly not a failure to explain to him the nature of the charges to which he was pleading guilty. Can I ask you, your friend on the other side said something that I want to make sure I'm understanding, because I don't think I've figured this out yet. He said that, and this is separate from the point you just made, so I'm understanding the point you just made, but he's saying when you judge the colloquy, the Rule 11 colloquy, you have to look at it today, even though you could argue there's a little unfairness to the district court judge. Is he right? And then he says Hogg says that. Is that the general rule across the country, that you do have to look at the Rule 11 colloquy through the prism of the law, you know, whatever, March 2024? Is that true? I think there is some truth to that in some circumstances, and I will say specifically as to Hogg, what the principle that Hogg stands for. So before you get into details about a case, you said general. Can't you just say that's the rule? We accept that rule. And I think the answer is that when there is a change in statutory law, that is, that if in fact the statute that's being prosecuted is interpreted by the Supreme Court, we accept and agree that basically when statutes are interpreted by the Supreme Court or by this court, they're interpreted to give the meaning that that statute has throughout time, not a change in the meaning of that statute. And it is true that the compliance with Rule 11, that the district court, the entire proceeding... Is that a change on 2255? Is this a direct appeal versus collateral attack point? I think I haven't honestly looked into the 2255 point, but I do believe it applies, that most of those changes also apply on collateral review, although I don't want to concede that. It's certainly not material here. Then are our cases wrong when they say the district court judge doesn't have to be omniscient? No, and they are correct as applied here, in particular because this concerns the contours of a defense. That is, what we say is a court does not have to be omniscient as to all of the future developments in the law that might affect practically and in a true way a defendant's thinking on whether or not he wants to plead guilty, but that there are always such risks. But you have to be omniscient as a trial judge with respect to elements. Unfortunately, I do believe that, and I think that comes from the Bailey cases from the 924C scenario, and I apologize I can't give the exact... But I would concede that that is true, that as to the actual elements, and in particular in Hogg, as to the statutory range that applies, because the question was whether the defendant understood the consequences of his guilty plea. You can't enter a voluntary plea without understanding the potential consequences, is what Hogg says. That's not what's going on here, though. Well, should we care about the fact that this is a particular type of case. So in any case where you've got, and I'm speaking very broadly, but where you've got a licensed physician, sometimes it's a licensed pharmacist in these types of cases, it's often on the table from the beginning that this person has a license to dispense controlled substances. And so it's known from the outset that this person is authorized, if we all agree that that's enough to be authorized, the fact that you're licensed to dispense drugs. And so the government is always going to know under those circumstances, isn't it, that it's going to have to prove that the doctor or the pharmacist or whoever the licensed individual is, knew that what they were doing in prescribing was not authorized by the law. So if that's kind of always going to be the case when you've got a licensed person, why shouldn't the court have to inform the defendant up front, hey, the government's going to have to prove this. And I think that goes to what the nature of the inquiry is. And we're not here, I think so much of the case law that's been discussed is about what the full eventual jury instructions would have been. And there's no dispute, as you point out. We've stipulated from the beginning in the indictment, we agree in the plea agreement, that would be a thing that in a trial we would have had to prove. But this Dr. Escobar says he did not know of the jury instructions, right? Well, there's nothing in the record about whether he does or doesn't know about the jury instructions other than his ex post self-serving declaration on the eve of his sentencing, wherein he claims, for example, that he was always at all times acting in the best interest of his patients or something to that effect, but the attachment to his motion, which is directly contrary to all of his factual admissions. The real problem is we absolutely understand the nature of this record, and it's a mess. And he conceded everything, and he conceded he was acting inappropriately, just totally guilty 87 times he admitted to. But that's not the question. The question is under our law, what does the court have to say to this defendant so that he can enter a knowing and voluntary plea? And so what is your best case that we don't perhaps fall into cell or that the Dorsey Restaurant activity under Hogg doesn't make a difference in this case too? Absolutely. And so I want to first, if I may, address Syl, because I think it goes to the points that you're both raising, which is that Syl is a case quite unlike here, where there was absolutely no explanation whatsoever of any of the elements or of the charge whatsoever. In the middle of a day or two into the trial, the defendant decides to plead guilty. All they do is elicit a factual basis. This is quite a different story. Leaving aside, let's assume that we want to disregard what Ruan, what the justices actually say about what this burden is, and let's assume that we want to treat this as an element. I'll assume that because I take that to be what you're asking me to assume. Even if we assume that, then we're in a world where, quite unlike Syl, there was an enunciation of the elements. And the enunciation of the elements did say that he knowingly and intentionally distributed controlled substances. And by the defense's own admission at the sentencing hearing, the sole alleged error in the description of the elements, just in that one portion of the transcript, is the omission of the word knowingly in one additional place, even though the word is used many times elsewhere. And to that, as to the best case, what I would say is the question is not, did the district court rehearse all of the potential jury instructions? Again, Judge Davis, there's no question that had we gotten to a trial, he would have gotten a much more fulsome explanation of the law. The question is whether the defendant understood the nature of the offense. And under this court's cases, in Page, Lalonde, and Selva, when the question is whether there was a knowing and voluntary plea, you don't just look to that one portion of the record where the elements are announced. You look to the whole of the record, including the factual admissions, because that's what tells you his understanding of the specific conduct that violates the law. And I think to your point, Judge Sutton, that you began with my opposing counsel, is this is not just about the initial Rule 11 issue, right? Even assuming there was some question of compliance there, there's still the question of whether the district court abused its discretion in permitting him to withdraw. But we have to think of those as distinct arguments on appeal, in my view. I agree, and I don't think he's made the first as a separate and distinct argument. What happens, is there a case that deals with this fact pattern? So you've got this tricky problem of is something an element or a defense? For whatever reason, the defendant has explicitly admitted something that blows that argument up. I mean, and I actually think this is arguably on the record, because you say the word knowing is missing in one place, but it still has intentionality, and that's worse, right? Intentionally violating the law, but put that to the side. Is there such a thing as harmlessness in Rule 11? In other words, can you have a fact admission that just blows up the argument? In other words, he says, through the fact admission, something that directly answers the RUAN or whatever the new development in the law is. Is there a case that says, whether it's discretion to undo the plea or Rule 11 claim, in either setting, the Court of Appeals is allowed to look at the reality. There's a fact admission that the only way this new development would make a difference is allowing him to revoke the fact admission. I think that's exactly right, Your Honor, and I think... But is there a case that says what I'm saying? And so I apologize that I don't think that we have cited one that goes exactly to that issue, but ironically I was looking at Henderson, which the defense cites as the paradigmatic example, the Supreme Court in Henderson, as the paradigmatic example of what it means to have harmless error review for a plea hearing, and what Henderson says, there there's a dispute between whether the defendant is charged with a higher charge and then pleads guilty to a lesser charge of second degree murder, when the claim is he really only understood that he himself had committed manslaughter, that although he had stabbed this person, he was of limited capacity and hadn't actually intended his actions. And so there's a dispute about whether he knew. What's telling is that in Henderson itself, intent is never even adverted to, first off, because it's a new charge that's never been discussed with him. And second off, most critically, what it says, and I'm quoting here, he made no factual statement or admission necessarily implying that he had such intent. Now, in this case, not only do we have statements that necessarily imply that he had the knowing and intentional conduct. We have admissions that he was acting willfully. And as to that, Your Honor, I just have to point out, they have never tried to walk through their argument that the health care fraud counts can be revoked, in this case, when they haven't even alleged a Rule 11 error as to those counts. But they want to have it both ways and say you shouldn't look at those for purposes of the factual, considering the whole record here, but just pause for a second and think about those admissions, both from a harmless error perspective and from a Rule 11 perspective under Page and Lalonde. He admits that in issuing these prescriptions, and bear in mind, these prescribing counts say he is willfully executing a scheme to defraud by issuing these prescriptions. The very same prescriptions, 21 of them, that are charged in the drug distribution counts. He's not submitting the claims, he's not getting the payment, but he's causing a loss to health insurer and doing so willfully. That is, knowing that he's violating the law. And when you think about that admission, that he is knowingly violating the law just by issuing the prescriptions, it is impossible to take seriously the claim that Mr. Escobar makes on the eve of sentencing that if I'd only known, and I was only doing this in the best interest of my patients, I didn't know that I was prescribing in excess of my authorization. It simply does not compute, because he has admitted that he knew he was violating the law just by issuing the prescriptions. And I think that we see that that is what's going on in the case, but isn't the question about whether when the defendant is standing at the point of deciding whether he wants to enter a plea agreement and have a plea agreement that waives some appeal rights, most appeal rights, doesn't he need to know what the law is at that point, even if it's just for the self-serving possibility of saying, yeah, I did all this, but I think I'm not going to be in as much trouble. If I take this waiver or no, I think I'm going to be in a lot of trouble, so I'm going to go to trial. Isn't that knowing and voluntary a question when he enters that agreement? It absolutely is, Your Honor, but again, it does not require him to know every detail of the jury instructions as to the elements even, let alone as to potential defenses. And that's what we actually have here. And so he may claim later that he was misadvised by his counsel as to how he might be able to assert this authorized prescriber defense, but that is not the claim that's being made here today. The claim that's being made here today is the court did not advise me of the nature of the offense. The nature of the offense is covered, even by their own telling, all the way but for one single word, just in that one portion of the transcript that they attack. But under Page and Lalonde and Selva, we don't myopically look at that one portion of the record. We're asking whether the district court satisfied itself that the defendant understood the nature of the charge, not whether the district court explained all of the potential jury instructions, and not whether the district court even said a single word to him about the elements because of those many cases that recognize that you can ask if he's read the indictment and that can be sufficient in normal cases. So is there a timing issue here or not? It doesn't matter whether you have to tell the law that exists right at the time that he's getting ready to take the plea. We know from Hogg that there are times that when you're at the appellate level, you have to apply the new law, period. Is there a timing issue here? In the sense that the compliance with Rule 11 is judged as of the moment that he says the word guilty. And so I think the answer to your question is yes. I thought you were going to say no, there's not a timing issue. In other words, we have to accept, we have to look at this through the lens of Ruan, but that's just how we have to look at it. But we have to keep in mind, Ruan's not an elements case, and on and on and on, and Rule 11 is substantial compliance, not perfect, but I would have thought your answer to her, after what you said to me earlier, is there really isn't a timing issue. Everything that you said is exactly what I meant, and if I got yes and no wrong, I apologize. Well, maybe I misheard you myself. I thought earlier in the argument, I frankly appreciated it coming from the government, not pushing hard on that line of cases. It's very helpful to us to hear you say no, I wouldn't think about it that way, so I accepted that. I agree, and I do. I stand by that. I wasn't intending to retreat from that. I guess I understood the question about timing to be, do we care what time it is that he, are we looking carefully at which time it is that we're assessing understanding, and the answer is yes, that we are, and we are looking at the time of the plea, but again, as you said, Chief Judge Sutton, we're not looking to know whether he knew the entirety of the jury instructions, and furthermore, we have to assess his motion to withdraw and the district court's use of its discretion later on, which is what's being challenged here, that is the sole claim on appeal. But that one is abuse of discretion. The first one is, what would you call the standard of review for Rule 11? I mean, it's substantial compliance, but it's not abuse of discretion, is it? Well, okay, yeah, it is substantial compliance, and that's absolutely correct, if we're directly reviewing the acceptance of the guilty plea. There is no appeal here from the acceptance of the guilty plea. There's a single claim on appeal that the district court erred in denying his motion to withdraw his plea. That's a kind of de novo review, but for substantial compliance? Would you be an accurate way of characterizing it? Well, I think we're reviewing that the district court's, and I know that my time has expired, so I hope I can keep answering your question, Your Honor, that we are reviewing the district court's handling of that motion. The district court itself is assessing the compliance at the time for substantial compliance, and it is using its discretion at the time of the motion to withdraw the guilty plea to determine whether or not to allow him to withdraw his plea. So I believe that the standard that applies is abuse of discretion, but that embedded within that is the district court's review for both substantial compliance and harmless error, and the district court really goes right to that harmless error issue in its ruling. I think we got that part of it. I think we're good. So I know you have points you want to get to, but I want to ask you about your reliance on Hogg. Wasn't part of the court's rationale in Hogg that the mistake that the district court made at the time that they didn't give the information that was necessary for him to enter into and to follow Rule 11 was one that could have impacted the calculus for his decision-making process in accepting the plea? And here's the second part of that. I ask that because here we know, based upon the admissions that are there and that were in the plea agreement, that Dr. Escobar had full knowledge that his dispensation of these drugs was unauthorized. And so I don't see how that could impact the calculus that he was making in deciding whether or not to plead guilty. It is true that I think part of Hogg dealt with the defendant's calculus in whether to plead guilty because the district judge did not correctly explain the maximum possible sentence, or the sentencing range. However, in this case where we're dealing with whether Dr. Escobar understood the law, understood the nature of the offenses against him, we're simply looking at whether he understood the elements of the offense. I agree with the government that you look at more than just precisely what the district judge said during the plea colloquy. However, all of the cases that the government relies on, most of those cases, the indictment or some other written document expressly explain to the defendant what the elements of the offense were. And the defendant acknowledged in the plea, in Page and Lalonde... In those cases where all you've got to do is say you read the indictment. That's Lalonde and that's Page. In those cases, that's correct. In this case, however, the indictment doesn't track Ruan. The indictment is deficient for the same reasons that the plea colloquy is deficient. It does not explain... Now indictments are supposed to anticipate defenses? That's really striking. I'm not suggesting that the indictment is... That his plea should be withdrawn because the indictment is defective. What I'm suggesting, though, is that... But it follows, if reading an indictment works and the indictment doesn't have to anticipate something like Ruan, that if you do more than that at the Rule 11 plea colloquy, you're okay. Right? The greater includes the lesser. But the government's indictment here alleged that Dr. Escobar was a registered prescriber. The government's indictment here did not explain that he had to know that he was acting in an unauthorized fashion. And that's Ruan. And if I could circle back to the Ruan point, whether it's an element of the offense, I want to emphasize that it was undisputed in indictment, the plea colloquy, the plea agreement, that Dr. Escobar was a registered prescriber. And I think if you follow the government's argument to its logical end, is that in any illegal prescribing case, the government does not have to... Or the district judge does not have to explain, if you accept the government's argument, the judge would not have to explain to the defendant that he has to know that he's acting in an unauthorized fashion. And I don't think that that's accurate, especially in cases... In most of these cases, it's undisputed that the defendant is a registered or authorized prescriber. The doctors all have DEA cards and are registered prescribers. And I think that it doesn't follow that the government or the judge explains the nature of the offense if he doesn't explain that the defendant has to know that he's acting in an unauthorized fashion. Well, are you talking about now or are you talking about then? I mean, now we know what they have to say. The question is, what was he told then, and is it so wrong or so problematic under any cases that he gets a redo? I think we judge the law as it exists today. And I would point the court, we cited these cases in our brief, to the Rehave cases out of the Second Circuit, the Fourth Circuit, and the Seventh Circuit, where in those cases, the district judge, at the plea colloquy, didn't explain to the defendant that he had to know the status that precluded him from possessing a firearm. Subsequently, the Supreme Court decided Rehave, and on appeal in the Second Circuit, the Fourth Circuit, and the Seventh Circuit, those courts held that the district court plainly erred, even though the district court's plea colloquy was correct under then-governing law, and those courts held the district court plainly erred and vacated the guilty pleas. Can the phrase substantial compliance work in two different directions? So on the one hand, substantial compliance might give a little wiggle room, shall we say, in terms of whether you've identified every feature of every element, including to something that looks like a defense but might be an element. But could the word substantial also be relevant to what's going on factually? In other words, the more you've admitted to, the less we're going to get worked up about this debate about defense element. I realize this is the opposite of a leading question. It's a harsh question. I don't mean it to be harsh. I'm just asking you, am I missing something when I say that? You should say yes, but tell me what I'm missing. I think you are. I think where we are is we're in harmless error, and the court has to assess whether – first of all, as I explained, I think there is error in the judge not explaining this element to Dr. Escobar. Why can't I think of it as substantial compliance? That's the phrase. Well, that is the phrase in 11-H, I believe. But the cases all talk about harmless error. Hogg talks about it. As long as you raise the Rule 11 issue before sentencing, you're in harmless error. And my friend on the other side pointed to the Henderson case, and we cited that in our reply brief, the Henderson case out of the Supreme Court, where the Supreme Court said that the harmlessness inquiry in guilty plea cases is different than the harmlessness inquiry after a jury trial, where after a jury trial you obviously would review the evidence and assess whether there's – But the question that you're being asked is impacted by Bauer, which I'm familiar with and you're familiar with, where what this don't facts matter and doesn't Bauer say, as we have said before, the more unreasonable a defendant's asserted beliefs or misunderstandings are, especially as measured against objective criteria, the more likely the jury will find that the government has carried its burden of proving knowledge, but the government must still carry the burden. Isn't that the sort of consideration of facts that we can look to now in judging where the plea colloquy was correct? Or is Bauer off point on that? Well, I think Bauer is off point. Bauer came to this court after a jury trial, and I think the court's assessment there was whether – was in the harmlessness error context from the Nieder case from the Supreme Court where the court assesses – where this court would assess the state of all the evidence and assess whether there's overwhelming evidence of guilt, and thus the error is harmless. And you think the admissions by Dr. Escobar don't fit within that same conceptual reasoning? I think the harmlessness inquiry is different. I think that his factual admissions – if this court sends the case back to Judge Nugent and we try the case, we might be having a different conversation after a jury trial, no doubt. But I think the harmlessness inquiry is different in guilty plea cases versus Rule 11 cases. Thank you very much to both of you. I don't like hard cases, but I love it when we have hard cases and we have great lawyers. And you guys were terrific with the briefs. Thank you very much for very helpful oral arguments and answering our questions. Really grateful. The case will be submitted.